

U. S. DEPARTMENT OF JUSTICE

*William Ihlenfeld*
*United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

| | |
|---|---|
| Derek W. Hotsinpiller Federal Building | |
| 320 West Pike Street | Phone: (304) 623-7030 |
| Suite 300 | FAX: (304) 623-7031 |
| Clarksburg, WV 26301 | |

July 15, 2022

**FILED**

**AUG 0 8 2022**

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

Katy J. Cimino, Esq.
Federal Public Defender's Office
230 W. Pike Street, Ste. 360
Clarksburg, WV 26301
**By e-mail: katy_cimino@fd.org**

      In re: *United States v. Bruce Henry Smith*, Case Nos. 1:20-CR-81; 1:22-CR- 49

Dear Ms. Cimino:

      This will confirm conversations with you concerning your client, Bruce Henry Smith, (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

      It is agreed between the United States and your client as follows:

      1.     Defendant agrees to plead guilty to Misuse of Social Security Account Number, as charged in Counts One, Three, and Seven of the Indictment in Case No. 1:20-CR-81, and to False Statement in Application for Passport, as charged in Count Five of the Indictment in Case No. 1:21-CR-81.

      Further, upon the filing of an Information by the United States Attorney, a copy of which is attached hereto, the Defendant will waive his right to have this matter presented to a grand jury and will tender his plea of guilty to Failure to Appear, as charged in Count One of the Information in Case No. 1:22-CR- 49 .

      2.     The maximum penalties to which Defendant will be exposed by virtue of each of his pleas of guilty to Counts One, Three, and Seven in Case No. 1:20-CR-81, as stated in paragraph 1 above are: imprisonment for a period of Five (5) years, a fine of Two Hundred Fifty Thousand Dollars ($250,000.00), and a term of Three (3) years supervised release.

| | |
|---|---|
| _____ | 7-26-2022 |
| Bruce Henry Smith, Defendant | Date |
| _____ | 7-26-2022 |
| Katy J. Cimino, Esq. | Date |
| Counsel for Defendant | |

Bruce Henry Smith – Plea Agreement
July 15, 2022
Page 2

The maximum penalties to which Defendant will be exposed by virtue of his plea of guilty to Count Five in Case No. 1:20-CR-81, as stated in paragraph 1 above are: imprisonment for a period not more than Ten (10) years, a fine of Two Hundred Fifty Thousand Dollars ($250,000.00), and a term of Three (3) years supervised release.

The maximum penalties to which Defendant will be exposed by virtue of each of his plea of guilty to Count One in Case No. 1:22-CR- 49    , as stated in paragraph 1 above are: imprisonment for a period of Five (5) years, a fine of Two Hundred Fifty Thousand Dollars ($250,000.00), and a term of Three (3) years supervised release.  Further, any term of imprisonment shall be consecutive to the sentence of imprisonment for any other offense.

It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction, for a total of $500.00, **which must be paid within 40 days following entry of his plea** by money order or certified check to the United States District Court.  It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

3.      Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and testimony, **including but not limited to, appearances at grand jury, trial, sentencing and other proceedings.**  Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4.      A.      Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution.  **Defendant understands that the use immunity granted in this agreement does not cover any statements or admissions that you committed, or were directly involved in committing, a crime of violence.  This means that such statements or admissions can be used against the Defendant in any state or federal prosecution.  In this regard, Defendant admits that, prior to the proffer, pursuant to Miranda v. Arizona, 384 U.S. 436 (1996), you have been adequately advised and warned that any admission that you committed, or were directly involved in committing, a crime of violence is not covered by the use immunity under this agreement.**  It is further understood that any information obtained from Defendant in compliance with this cooperation

_____
Bruce Henry Smith, Defendant

_____
Katy J. Cimino, Esq.
Counsel for Defendant

7-28-2022
_____
Date

7-26-2022
_____
Date

Bruce Henry Smith – Plea Agreement
July 15, 2022
Page 3

agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

B.  This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

C.  In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

5.  At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. The United States agrees to move to dismiss any remaining counts in Indictment in Case No. 1:20-CR-81 at the final disposition in this matter.

6.  There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

7.  The United States will make the following **nonbinding** recommendations:

A.  The United States will not recommend that the defendant receive any reduction for acceptance of responsibility;

B.  The United States will recommend that any sentence of incarceration imposed should be at the high end of the applicable guideline range.

8.  If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates

_____                 7-26-2022
Bruce Henry Smith – Defendant                    Date

_____                 7-26-2022
Katy J. Cimino, Esq.                             Date
Counsel for Defendant

Bruce Henry Smith – Plea Agreement
July 15, 2022
Page 4

any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9.      Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the defendant fraudulently obtained a United States passport. Further, the parties stipulate and agree that the offense involved the unauthorized use of any means of identification unlawfully to obtain any other means of identification. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulations and is not required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

10.      Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

A.      Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

B.      The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

C.      To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

_____          7-16-2022
Bruce Henry Smith, Defendant          Date

_____          7-16-2022
Katy J. Cimino, Esq.          Date
Counsel for Defendant

Bruce Henry Smith – Plea Agreement
July 15, 2022
Page 5

This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

11.     The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

12.     The Defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the Defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The Defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the Defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. The Defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The Defendant further agrees that any schedule of payments imposed by the Court represents the Defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the Defendant is sentenced to a period of incarceration, the Defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the Defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the Defendant's payment status or history at that time.

Bruce Henry Smith, Defendant

Date    7-26-2022

Katy J. Cimino, Esq.
Counsel for Defendant

Date    7-26-2022

Bruce Henry Smith – Plea Agreement
July 15, 2022
Page 6

In order to pay any outstanding criminal monetary penalties, the Defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The Defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

13.     Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offenses of conviction.

14.     If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

15.     The above Fourteen (14) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM IHLENFELD
United States Attorney

By:     Brandon S. Flower
        Assistant United States Attorney

As evidenced by my signature at the bottom of the Six (6) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

Bruce Henry Smith, Defendant                    7-26-2022
                                                Date

Katy J. Cimino, Esq.                            7-26-2022
Counsel for Defendant                           Date