**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Criminal Action No.: 1:20-CR-81** |
| | **1:22-CR-49** |
| | **(JUDGE KLEEH)** |
| **BRUCE HENRY SMITH,** | |
| **Defendant**. | |

<u>**REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY IN FELONY CASES**</u>

This matter has been referred to the undersigned Magistrate Judge by the District Judge for purposes of considering the record, the Indictment in 1:20-CR-81, the Information in 1:22-CR-49, and the proposed plea agreement in this matter, conducting a hearing, and entering into the record a written report and recommendation memorializing the disposition of Defendant's guilty plea, pursuant to Federal Rule of Criminal Procedure 11. Defendant, Bruce Henry Smith, in person and by counsel, Katy J. Cimino, appeared before me on August 8, 2022, for a Plea Hearing to the Indictment in Case No. 1:20-CR-81 and for an Initial Appearance, Arraignment, and Plea Hearing to an Information in Case No. 1:22-CR-49. The Government appeared by videoconference by Assistant United States Attorney, Brandon S. Flower.

During the hearing, the Court gave notice to the Government's attorney that pursuant to the Due Process Protections Act of 2020, the Court reminds counsel that under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, failing to disclose favorable evidence to the accused violates due process where the evidence is material either to guilt or punishment. Further, the Court noted that consequences for a <u>Brady</u> violation can include, but are not necessarily limited to, a vacated conviction and disciplinary actions against the prosecutor. The Court gave

written notice to this effect to counsel and **ORDERED** the same filed herein. [Case No. 1:22-CR-49, ECF No. 6].

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Counts One, Three, Five, and Seven of the Indictment in Case No. 1:20-CR-81 and to Count One of the Information in Case No. 1:22-CR-49.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant tendered to the Court **<u>two</u>** written waivers, Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge, one for Case No. 1:20-CR-81 and one for Case No. 1:22-CR-49. The waivers were signed by Defendant, countersigned by Defendant's counsel, and concurred in by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waivers of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge were freely and voluntarily given. Additionally, the Court finds that the written waivers and consent were freely and voluntarily executed by Defendant Bruce Henry Smith only after having

had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written waivers, Waiver and Consent to Enter Guilty Plea before a Magistrate Judge, filed and made part of the record in both cases. [Case No. 1:20-CR-81, ECF No. 82; Case No. 1:22-CR-49, ECF No. 9].

The Court inquired of Defendant and Defendant's Counsel as to Defendant's knowledge and understanding of Defendant's constitutional right to proceed by indictment, the voluntariness of Defendant's consent to proceed by Information, and of Defendant's waiver of the right to proceed by indictment in Case No. 1:22-CR-49. Defendant and Defense Counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged Defendant's voluntary waiver of this right to proceed by indictment and Defendant's agreement to voluntarily proceed by Information in Case No. 1:22-CR-49. Defendant also executed a written waiver of the same. The Court **ORDERED** the written waiver of indictment filed and made a part of the record in Case No. 1:22-CR-49. [Case No. 1:22-CR-49, ECF No. 8].

Thereafter, the Court determined that Defendant's plea was pursuant to a written plea agreement and asked the Government to tender a copy to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was not; the Government explained two prior plea agreements had been offered, and after negotiations, the current plea agreement was agreed upon and executed by the parties. The Court asked counsel for the Government to summarize the written plea agreement. Counsel for Defendant and Defendant stated on the record that the agreement as summarized by counsel for the Government was correct and complied with their understanding of the agreement.

3

The undersigned further inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement. The Court **ORDERED** the written plea agreement filed and made a part of the record in both cases. [Case No. 1:20-CR-81, ECF No. 83; Case No. 1:22-CR-49, ECF No. 10.

The undersigned then reviewed with Defendant Counts One, Three, and Seven of the Indictment in Case No. 1:20-CR-81 and the elements the Government would have to prove, charging him in Counts One, Three, and Seven with Misuse of Social Security Account Number, in violation of Title 42, United States Code, Section 408(a)(7)(B). The undersigned also reviewed with Defendant Count Five of the Indictment and the elements the Government would have to prove, charging him in Count Five with False Statement in Application for Passport, in violation of Title 18, United States Code, Section 1542.

The undersigned reviewed with Defendant Count One of the Information in Case No. 1:22-CR-49 and the elements the Government would have to prove, charging him in Count One of the Information with Failure to Appear, in violation of Title 18, United States Code, Sections 3146(a)(1) and 3146(b)(1)(A)(ii). [Case No. 1:22-CR-49, ECF No. 1 at 1].

Subsequently, Defendant Bruce Henry Smith pled **GUILTY** to the charges contained in Counts One, Three, Five, and Seven of the Indictment in Case No. 1:20-CR-81 and to the charges contained in Count One of the Information in 1:22-CR-49. However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against him, inquired

of Defendant's understanding of the consequences of his pleading guilty to the charges, and obtained the factual basis for Defendant's plea.

The Government proffered a factual basis for the plea. Neither Defendant nor his counsel disputed the proffer when given the opportunity to do so. Additionally, Defendant provided a factual basis for the commission of **each** offense. The undersigned Magistrate Judge concludes the offenses charged in Counts One, Three, Five, and Seven of the Indictment and in Count One of the Information are supported by an independent basis in fact concerning each of the essential elements of such offenses, and that independent basis is provided by the Government's proffer.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Counts One, Three, Five, and Seven of the Indictment and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Counts One, Three, and Seven was imprisonment for a period of five (5) years, a fine of $250,000.00, and a term three (3) years of supervised release. Further, the undersigned Magistrate Judge determined Defendant understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Five was imprisonment for a period of not more than ten (10) years, a fine of $250,000.00, and a term of three (3) years of supervised release.

The undersigned also reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Information and

the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was imprisonment for a period of five (5) years, a fine of $250,000.00, and a term of three (3) years of supervised release.

Defendant also understood that the Court would impose a total special mandatory assessment of $100.00 for each offense, for a total of $500.00 in this matter, for having been convicted of felony offenses, payable within 40 days following entry of his guilty plea. Defendant further understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood that he might be required by the Court to pay the costs of his incarceration, supervision, and probation.

The undersigned also inquired of Defendant whether he understood that by pleading guilty, he was forfeiting other rights such as the right to vote, right to serve on a jury, and the right to legally possess a firearm. Additionally, the undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to felony charges he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The undersigned also reviewed with Defendant his waiver of appellate and collateral attack rights. Defendant understood that he was waiving his right to appeal his conviction and sentence to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742. Defendant further understood that under his plea

agreement, he was waiving his right to challenge his conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that he was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that he learned about after the plea hearing and agreed that he was unaware of any ineffective assistance of counsel or prosecutorial misconduct in his case at this time. From the foregoing, the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea agreement and determined the entry into said written plea agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea agreement and determined that Defendant understood, with respect to the plea agreement and to Defendant's entry of a plea of guilty to the felony charges contained in Counts One, Three, Five, and Seven of the Indictment and to the felony charge contained in Count One of the Information. The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation, and that a pre-sentence investigation report would be prepared for the District Court by the probation officer attending.

The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felonies charged under Counts One, Three, Five, and Seven the Indictment and the felonies charged in Count One of the Information. Only after the District Court had an

opportunity to review the pre-sentence investigation report would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his guilty plea accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated that his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant, Bruce Henry Smith, with the consent of his counsel, Katy J. Cimino,

proceeded to enter a verbal plea of **GUILTY** to the felony charges in Counts One, Three, Five, and Seven of the Indictment and to the felony charge in Count One of the Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charge against him, as to Counts One, Three, Five, and Seven of the Indictment and as to Count One of the Information; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalties to which he would be exposed for Counts One, Three, Five, and Seven of the Indictment and Count One of the Information; Defendant made a knowing and voluntary plea of guilty to Counts One, Three, Five, and Seven of the Indictment and Count One of the Information; and Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to Counts One, Three, Five, and Seven of the Indictment and to Count One of the Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned Magistrate Judge **remanded Defendant to the custody of the U.S. Marshal Service.** [Case No. 1:20-CR-81, ECF No. 75].

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the**

portions of the Report and Recommendation to which objection is made, and the basis of such objection. A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on August 9, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE